[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14744

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELGIN BURNEY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00608-SCB-AAS-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Elgin Burney pleaded guilty to possession of a firearm and ammunition by a convicted felon in 2018.  The district court sentenced Burney to 180 months of imprisonment—a sentence that he is currently serving.  About a year ago, Burney filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  He argued that compassionate release was justified because of his "extensive rehabilitation" and the high risk of his contracting COVID-19 while in prison.  The district court rejected Burney's motion, finding that he failed to present an extraordinary and compelling reason warranting compassionate release.  The court further concluded that the 18 U.S.C. § 3553(a) sentencing factors also weighed against granting Burney's motion and that he would pose a "danger to the community" if released.  Burney now appeals.

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  In ruling on a motion for compassionate release, a district court must determine whether the movant has offered "extraordinary and compelling reasons" for release and consider the policy statement outlined in § 1B1.13 of the federal sentencing guidelines along with "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation omitted).

Because Burney is seeking reversal of a judgment "based on multiple, independent grounds," he must "convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotation omitted).  He has failed to do so here.  Burney argues that the district court wrongly determined that his medical condition and circumstances did not rise to the level of an extraordinary and compelling reason for release.  But he says nothing about the court's separate and independent finding that the § 3553(a) sentencing factors—including "the nature and circumstances of Defendant's offense of conviction and his criminal history"—also justified denying the motion.  That undisputed determination would bar compassionate release even if we agreed that Burney had produced an extraordinary and compelling reason before the district court.  *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We therefore **AFFIRM** the district court's order denying Burney's motion for compassionate release.